**230**

## ROGERS v. WATKINS.
### No. 4814.

Court of Civil Appeals of Texas. Beaumont.

May 8, 1952.

John T. Lindsey, Pt. Arthur, for appellant.

Baker, Vaughan & Black, Pt. Arthur, for appellee.

R. I. MURRAY, Justice.

This is an appeal from a summary judgment in the 60th District Court of Jefferson County in favor of Clarence Watkins, appellee, against Marshall Rogers, appellant. The suit was brought by Watkins, appellee, against his stepfather, Rogers, to partition the property which they owned in common by inheritance from Rachel Rogers, deceased. Rachel Rogers was the wife of Marshall Rogers and was the mother of Clarence Watkins.

The property of the deceased consisted chiefly of two tracts of land. One was acquired by Rachel before she married Rogers, the appellant, and one was acquired after such marriage. The appellee brought his lawsuit claiming that the property at 328 West 12th Street, Port Arthur, Texas, described in the pleadings as the West 1/2 of Lot No. 4, in Block No. 38, Port Arthur Heights Addition to the City of Port Arthur, Jefferson County, Texas, was the separate property of his mother, the deceased Rachel Rogers, and prayed for partition accordingly. The appellant answered the suit and alleged that said property was community property of himself and the deceased Rachel Rogers, but he further alleged that the deed of conveyance was made to her prior to their marriage but that at all times the property was known as their joint community property; he further alleged that Rachel Rogers had contracted to buy said property prior to the marriage, had made a minimum payment as a part of the purchase price, had executed a note for the unpaid purchase price, and that he and the deceased had paid the larger portion of the purchase price of the property during their marriage.

Thereafter the appellee made a motion to the court for a summary judgment, and pointed out that there was no issue of fact between the parties made by the pleading and by the admissions of fact in the record. The court granted the motion and entered a summary judgment, declaring the property in question to be the separate property of the deceased but also decreeing an equitable reimbursement to the community estate for payments made on the purchase price after the marriage. The judgment adjudicated the title and partition of all the other property of the deceased also.

The appellant has appealed and says that the trial court erred in holding said real property to be "the personal estate of Rachel Rogers, deceased." From the argument made in the brief we assume that the appellant contends that this was not the separate property of the deceased, and that

the trial court erred in so holding. We overrule this contention and hold that said property was the separate property of Rachel Rogers, deceased, because the inception of the title to the property began before she was married to Rogers, the appellant. This is on the authority of Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328 by the Supreme Court, and cases cited in that opinion.

Appellant also complains by his second point that the court erred in entering a summary judgment, "denying to appellant his legal and constitutional right to litigate the matters involved in the controversy." This point is also overruled. From the pleadings of both parties and from the admissions of fact appearing in the record, there was no fact issue before the court to be litigated. The appellant makes no complaint of the sum of money awarded the community estate as reimbursement for the payments made on the purchase price. The appellant himself had pleaded that the deceased woman had contracted for the purchase of the property and had paid a portion of the purchase price before they ever married. That made the property her separate property, subject to an equitable reimbursement to the community estate of the appellant and the deceased for payments made on the purchase price from community funds after marriage, as was held by the trial court.

We believe the trial court was correct and that no error is shown in entering the summary judgment.

The judgment of the trial court is affirmed.